UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEORGE LEE, | No. 2: 14-cv-0464 KJN P |
| Plaintiff, | |
| v. | ORDER |
| R. GROUNDS, et al., | |
| Defendants. | |

Plaintiff is a state prisoner proceeding without counsel. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983, and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated to make monthly payments of twenty percent of the preceding month's income credited to plaintiff's trust account.

1  These payments will be forwarded by the appropriate agency to the Clerk of the Court each time
2  the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C.
3  § 1915(b)(2).
4        The court is required to screen complaints brought by prisoners seeking relief against a
5  governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The
6  court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally
7  "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek
8  monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).
9        A claim is legally frivolous when it lacks an arguable basis either in law or in fact.
10 Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th
11 Cir. 1984).  The court may, therefore, dismiss a claim as frivolous when it is based on an
12 indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,
13 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully
14 pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th
15 Cir. 1989), superseded by statute as stated in Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir.
16 2000) ("a judge may dismiss [in forma pauperis] claims which are based on indisputably
17 meritless legal theories or whose factual contentions are clearly baseless."); Franklin, 745 F.2d at
18 1227.
19       Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain
20 statement of the claim showing that the pleader is entitled to relief,' in order to 'give the
21 defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic
22 Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).
23 In order to survive dismissal for failure to state a claim, a complaint must contain more than "a
24 formulaic recitation of the elements of a cause of action;" it must contain factual allegations
25 sufficient "to raise a right to relief above the speculative level."  Bell Atlantic, 550 U.S. at 555.
26 However, "[s]pecific facts are not necessary; the statement [of facts] need only 'give the
27 defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Erickson v.
28 Pardus, 551 U.S. 89, 93 (2007) (quoting Bell Atlantic, 550 U.S. at 555, citations and internal

2

quotations marks omitted).  In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Erickson, 551 U.S. at 93, and construe the pleading in the light most favorable to the plaintiff.  Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds, Davis v. Scherer, 468 U.S. 183 (1984).

Named as defendants are Salinas Valley State Prison ("SVSP") Warden Grounds, Accounting Supervisor Garay, and Correctional Counselor Medina.  Plaintiff's complaint contains two claims.

In claim one, plaintiff alleges that he has been wrongfully found to owe restitution.  Plaintiff alleges that that he submitted requests for interviews to defendant Garay informing him that he owed no restitution.

In claim two, plaintiff alleges that some of his personal property was wrongfully confiscated following his transfer from the California Medical Facility ("CMF") to High Desert State Prison ("HDSP").  Plaintiff alleges that his transfer from CMF to HDSP was in retaliation for filing grievances against Correctional Officer Whitten.

For the following reasons, plaintiff's complaint is dismissed with leave to amend.  First, plaintiff's allegation that he submitted requests for interviews to defendant Garay informing him that he owed no restitution is too vague and conclusory for the court to determine whether plaintiff has stated a colorable claim for relief.  Plaintiff does not allege whether defendant Garay responded to the interview requests and, if so, what was his response.  Without this information, the court cannot evaluate plaintiff's claim.  Accordingly, this claim against defendant Garay is dismissed with leave to amend.

The complaint contains no allegations against defendants Grounds and Medina.  The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.  The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See

Monell v. Department of Social Servs., 436 U.S. 658 (1978) ("Congress did not intend § 1983 liability to attach where . . . causation [is] absent."); Rizzo v. Goode, 423 U.S. 362 (1976) (no affirmative link between the incidents of police misconduct and the adoption of any plan or policy demonstrating their authorization or approval of such misconduct).  "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Moreover, supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged.  See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979) (no liability where there is no allegation of personal participation); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978) (no liability where there is no evidence of personal participation), cert. denied, 442 U.S. 941 (1979).  Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982) (complaint devoid of specific factual allegations of personal participation is insufficient).

Because plaintiff has failed to link defendant Grounds and Medina to the alleged deprivations, the claims against these defendants are dismissed with leave to amend.

In preparing the amended complaint, plaintiff should keep in mind that he may not pursue unrelated claims against different defendants.  See Fed.R.Civ.P. 18(a).  Plaintiff may pursue multiple claims against a single defendant, but he may not pursue unrelated claims against different defendants.  See George v. Smith, 507 F.3d 605 (7th Cir. 2007).  In George, a state prisoner sued twenty-four persons who had some role in his confinement and alleged numerous violations of his constitutional rights.  In reviewing plaintiff's "mishmash complaint," the Seventh Circuit Court of Appeals explained:

////

4

> The controlling principle appears in Fed.R.Civ.P. 18(a): "A party asserting a claim ... may join, [ ] as independent or as alternate claims, as many claims ... as the party has against an opposing party." Thus multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2. Unrelated claims against different defendants belong in different suits, not only to prevent the sort of morass that this 50–claim, 24–defendant suit produced but also to ensure that prisoners pay the required filing fees-for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees. 28 U.S.C. § 1915(g). George was trying not only to save money but also to dodge that rule. He hoped that if even 1 of his 50 claims were deemed non-frivolous, he would receive no "strikes" at all, as opposed to the 49 that would result from making 49 frivolous claims in a batch of 50 suits.

Id. at 607.  See also Fed.R.Civ.P. 20 (a)(2) (joinder of defendants not permitted unless both commonality and same transaction requirements are satisfied); Rowe v. Baughman, 2011 WL 720072 at *3 (E.D.Cal. Feb.22, 2011) (relying on the decision in Smith and dismissing complaint with leave to amend due to plaintiff's failure to comply with Rule 18 of the Federal Rules of Civil Procedure); Poye v. California, 2011 WL 587589 at * 2 (E.D.Cal. Feb.9, 2011) (same).

Claims one and two are unrelated.  If they involve different defendants, plaintiff may not pursue both claims in a single action.

If plaintiff files an amended complaint, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete.  Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading.  This requirement exists because, as a general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C.

§ 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. Plaintiff's complaint is dismissed.

4. Within thirty days from the date of this order, plaintiff shall complete the attached Notice of Amendment and submit the following documents to the court:

   a. The completed Notice of Amendment; and

   b. An original and one copy of the Amended Complaint.

Plaintiff's amended complaint shall comply with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice. The amended complaint must also bear the docket number assigned to this case and must be labeled "Amended Complaint." Failure to file an amended complaint in accordance with this order may result in the dismissal of this action.

Dated: March 10, 2014

Lee464.14

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEORGE LEE,<br><br>        Plaintiff,<br><br>   v.<br><br>R. GROUNDS, et al.,<br><br>        Defendants. | No.  2:  14-cv-0464 KJN P<br><br><br><u>NOTICE OF AMENDMENT</u> |

   Plaintiff hereby submits the following document in compliance with the court's order filed_____.

        _____        Amended Complaint

DATED:

                                      _____
                                      Plaintiff